Form 150

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| | ) Bankruptcy Case No.:  11−80562 |
| | ) |
| | ) Chapter 11 |
| In re: | ) |
| Clean Burn Fuels, LLC     04−3824330 | ) |
| 800 Pate Road | ) |
| Raeford, NC 28376 | ) |
| | ) |
| | ) |
| | ) |
| Debtor | ) |

## CHAPTER 11 OPERATING ORDER

This Operating Order (the Order) is effective immediately upon entry, but is subject to objection. If the debtor (or other interested party) files with the Bankruptcy Clerk a written objection to this Order within 21 days of the entry of this Order, a hearing will be scheduled and all interested parties will be given notice of the hearing on the objection(s). Any objection to this Order must specify each paragraph of the Order to which an objection is directed. The requirements in the Order will remain in effect from the date of the entry of this Order, subject to further order of the court.

The debtor is hereby ORDERED to comply with the following:

1. **Compliance with Code Provisions:** This Order does not relieve the debtor of any requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules of the United States Bankruptcy Court for the Middle District of North Carolina.

2. **Clerk's Office Memoranda, Notices and Letters:** This court regulates certain aspects of the Chapter 11 process through the use of the memoranda, notices, and letters issued by the Clerk of the Bankruptcy Court pursuant to Rule 9029. The debtor shall comply with the directives contained in such documents issued by or through the Clerk's Office, including, but not limited to, the following:
    a. General Chapter 11 Procedures
    b. Depository in Chapter 11 Cases/Designated Depository
    c. Status Report on Activities and Financial Condition of Debtor in Possession
    d. Summary of the Voting on the Plan of Reorganization
    e. Post−Confirmation Procedures
    f. Chapter 11 Fee Guidelines

3. **Inconsistency:** In the event that this Order is inconsistent with any documentation issued by or through the Clerk's Office, this Order takes precedence and is controlling.

4. **Books and Records:** If the debtor has not closed its pre−petition books and records and opened new, post−petition books and records as of the date of filing of the petition, the debtor shall take such actions within seven (7) days of the entry of this Order. The debtor's pre−petition books and records shall be reconciled as of the day preceding the filing of the bankruptcy case. The post−petition books and records shall include a proper record of all transactions, earnings, expenses, receipts, disbursements, and all obligations incurred in the operation of the debtor's business and in the management, preservation, and protection of the debtor's property.

5. **New Bank Accounts:** If the debtor has not closed its pre−petition bank accounts and opened new, post−petition bank accounts as of the date of filing of the petition, the debtor shall take such actions within

seven (7) days of the entry of this Order. The debtor's pre–petition bank accounts shall be reconciled as of the day preceding the filing of the bankruptcy case. If the debtor is operating a business and has employees, the debtor shall open a separate tax account into which all withholding taxes shall be deposited contemporaneously with the payment of the related wages. If necessary and appropriate, the debtor shall open a separate payroll account. The bank signature cards of each new, post–petition account shall clearly indicate that the debtor is a "Chapter 11 Debtor–in–Possession."

6. **Tax Account, Deposits and Filing of Tax Returns:** During the pendency of this Chapter 11 case:
    a. The debtor shall segregate and hold separate and apart from all other funds all monies withheld from employees or collected from others for taxes under the laws of the United States, or any state or subdivision thereof, and shall deposit the money so withheld or collected in a separate bank account contemporaneously with such withholding or collecting;
    b. The debtor shall pay all post–petition taxes when due;
    c. The debtor shall file in a timely manner all post–petition tax returns as required by law; and
    d. The debtor shall file all past–due tax returns within ninety (90) days of this Order unless otherwise ordered by the court or otherwise provided by law.

7. **Payments by the Debtor:** There are certain kinds of post–petition debts and expenses that the debtor needs to pay and should pay without further order from the court. Unless otherwise ordered by the court, the debtor is authorized to pay the following:
    a. All taxes and similar charges lawfully incurred in the operation of the business and in preservation and maintenance of the property and assets of the debtor since the filing of the Chapter 11 petition;
    b. All proper expenses and obligations incurred by the debtor on or after the date on which the Chapter 11 petition was filed in the ordinary course of operating the business and preserving and maintaining the property and assets of the estate, including the reasonable wages, salaries, and compensation of employees of the business;
    c. The costs of maintaining the corporate existence of a corporate debtor;
    d. The expenses of printing/copying and mailing notices to creditors, stockholders, and all other interested parties as may be directed by the court;
    e. The post–petition payments due on secured debts are authorized to be paid without special order from the court, assuming there are sufficient funds available for this purpose. Such payments include, but are not limited to, regular payments on mortgages, equipment leases, and motor vehicle loans; and
    f. All chapter 11 quarterly fees payable during the pendency of this case pursuant to 28 U.S.C. § 1930(a)(6).

8. **Insurance:** The debtor shall sufficiently insure all estate property for loss caused by fire, theft, liability, collision, and casualty, with loss payable clauses in favor of the appropriate secured creditors in the case of pledged or mortgaged property. If required under applicable non–bankruptcy law, the debtor shall also maintain workers' compensation coverage. On or before the date of the § 341 meeting of creditors, the debtor shall provide the Bankruptcy Administrator with proof that all appropriate insurance coverage is in full force and effect.

9. **Disposition of Assets:** The debtor shall not sell, mortgage, pledge, or otherwise transfer or encumber any property of the estate other than in the ordinary course of business, without appropriate order of this court.

10. **Consultant:** If a consultant is appointed in this case by separate order of the court, the consultant shall, upon proper application, be entitled to compensation not to exceed the rate of $30.00 per hour (unless modified by further order of the court) and reimbursement for reasonable expenses incurred in connection with his or her services. If the consultant's requested fees and expenses total less than $500.00, the consultant may be paid by the debtor without further notice or hearing if no objections to the consultant's fee application are filed within fourteen days after the filing and service of the fee application. If no objections to the consultant's fee application are timely filed, the debtor is authorized and directed to then immediately pay the consultant the requested amount. If a timely objection is filed, a hearing on the consultant's fee application will be held at a time and date set by the court. This paragraph does not apply to the employment and payment of financial consultants employed by the debtor or an official committee, which is discussed below in paragraph 11 entitled "Employment of Professionals."

11. **Employment of Professionals:** In order to be employed in this case, the debtor's attorney and other professionals must file with the court at the time of employment: (1) an application for employment; (2) an affidavit of disinterest; (3) a proposed order; and (4) a Disclosure of Compensation, pursuant to Rule

2016(b). Absent extraordinary circumstances, employment of attorneys and other professional will not be approved nunc pro tunc.

12. **Professional Fees:** All Chapter 11 fee applications shall comply with the applicable Chapter 11 Fee Guidelines. No post–petition professional fees shall be paid, from a retainer or otherwise, without prior application and approval of this court.

13. **Approval of Officer and Director Retention and Compensation:** Within fourteen (14) days after the filing of the case, the debtor shall file with the Court and serve on the Bankruptcy Administrator and any official committee in the case a disclosure of the compensation regularly paid or due to be paid to each officer, partner, or member of the debtor, including all benefits and perquisites, prior to the filing of the petition, along with a disclosure of the compensation the debtor expects to regularly pay these or other individuals in such capacities, including all benefits and perquisites, after the filing of the petition. The retention and compensation of the current officers and directors is deemed approved as of the fourteenth day after the disclosure is filed, although the court on its own motion or at the request of the Bankruptcy Administrator or a party in interest may set a hearing on their continued retention and compensation at any time during the pendency of the case.

14. **Monthly Reports:** Pursuant to Sections 1106 and 1107 of the Bankruptcy Code and Rule 2015 of the Federal Rules of Bankruptcy Procedure, the debtor shall file with the court and serve on the Bankruptcy Administrator monthly reports on the progress and status of this Chapter 11 proceeding. The format of each report shall conform to the form provided by the Clerk's Office in the "Chapter 11 Packet." The debtor shall include all information requested and attach all documentation required by the Monthly Report form. The first Monthly Report shall include the period between the date the petition was filed and the last date of the calendar month in which the petition was filed. The first Monthly Report is due within thirty (30) days after entry of the Order for Relief. All subsequent reports shall be for the entire calendar month and are due within twenty–one (21) days following the end of each calendar month. The Bankruptcy Administrator may reasonably adjust, as he deems necessary, the form and required content of the Monthly Report.

15. **Payment of Quarterly Fees:** The debtor shall comply with the requirements set forth in 28 U.S.C. § 1930 and, in accordance with Bankruptcy Rule 2015(a)(5), shall file with the court and serve on the Bankruptcy Administrator a statement of any disbursements made during that quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for that quarter. Such statements shall be filed on or before the last day of the month that follows each calendar quarter during which there is a duty to pay fees under 28 U.S.C. § 1930(a)(6).

16. **Inspection of Property and Records:** The debtor shall permit the Bankruptcy Administrator or his designee reasonable inspection of the debtor's premises, properties, books and records.

17. **Duties of Debtor Regarding Domestic Support Obligations:** If with respect to the debtor there is a claim for a domestic support obligation, the debtor shall perform the duties set forth in 11 U.S.C. § 1106(c)(1).

18. **Duties of Debtor as Administrator of Employee Benefits Plan under ERISA:** If the debtor served as the administrator (as that term is defined in Section 3 of ERISA) of an employee benefits plan at the time of commencement of the case, the debtor shall comply with the requirements of 11 U.S.C. § 704(a)(11).

19. **Duties of Health Care Business Debtor:** If the debtor is a health care business (as that term is defined in 11 U.S.C. § 101(27A)), the debtor shall comply with the requirements of 11 U.S.C. § 704(a)(12).

20. **Deadline for Filing Plan and Disclosure Statement:** Unless the debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), the debtor shall file a plan of reorganization and disclosure statement before 120 days after the date of the order for relief in this case. Failure to timely file a plan may subject the debtor to a motion to dismiss or convert the case pursuant to 11 U.S.C. § 1112 (b)(4)(J). The time fixed for filing the plan and disclosure statement may be extended if the court, upon timely motion, grants the debtor an extension of time in accordance with the procedure set forth below. The Disclosure Statement shall contain adequate information as defined by 11 U.S.C. § 1125(a)(1). 11 U.S.C. § 1125 of the Bankruptcy Code requires that the disclosure statement include information that would enable a hypothetical reasonable

investor to make an informed judgment about the plan. Information shall include, but not be limited to, the following: (1) the present financial status of the debtor; (2) historical cash–flow information and financial projections for the debtor's business; (3) a schedule of proposed payments to the creditors; and (4) a liquidation analysis.

If the debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), the time for filing the plan and disclosure statement and the procedures for seeking extensions of the time for filing the same are set forth below in paragraph 24 of this Order.

If "single asset real estate" as defined in 11 U.S.C. § 101(51B) is involved, § 362(d)(3) requires that relief from the automatic stay be granted unless within 90 days after the entry of the order for relief or 30 days after the court determines that § 362(d)(3) is applicable, whichever is later, the debtor files a plan of reorganization that complies with § 362(d)(3)(A) or commences making monthly payments that comply with § 362(d)(3)(B).

21. **Extension of Time For Filing Plan/Exclusivity Period:** If the debtor is unable to file a plan and disclosure statement within the time period ordered by the court, the debtor may file a motion to extend the time for filing such documents and to extend the exclusivity period pursuant to 11 U.S.C. § 1121(d). Such motion must be filed before the expiration of the period initially fixed under 11 U.S.C. § 1121(c). The initial 120–day period for filing a plan shall not be extended beyond a date that is 18 months after the date of the order for relief, and the initial 180–day period for obtaining acceptances of the plan shall not be extended beyond a date that is 20 months after the date of the order for relief. If the debtor files a motion to extend the exclusivity period, the debtor shall file a Status Report on Activities and Financial Condition of the Debtor in Possession at the time of the filing of the motion.

22. **Summary of Voting on the Plan of Reorganization:** Pursuant to Local Rule 3018–1, the debtor shall file the completed Summary of Voting on the Plan of Reorganization form not later than three (3) business days prior to the date on the hearing on the confirmation of the plan, unless otherwise set by the court.

23. **Post–Confirmation:**
   a. **Consummation Status Reports:** After confirmation of a plan, 11 U.S.C. § 1106 (a)(7) requires the debtor to "file such reports as are necessary or as the court orders." In accordance with § 1106(a)(7), the debtor shall file an initial status report within sixty (60) days after the entry of the order confirming the plan. After the filing of the initial status report, the debtor shall file consummation status reports on a quarterly basis.

   Each consummation status report shall reflect the debtor's progress toward substantial consummation of the plan during the period covered by the report and shall include at least the following information:

   i. The amounts due to each creditor as provided in the plan;
   ii. The amount of each claim due but not paid and the reason such claim has not been paid;
   iii. A statement of whether or not the plan has been substantially consummated, and, if the plan has not been substantially consummated, an explanation of why it has not been substantially consummated and an expected date for substantial consummation;
   iv. A description of the steps that remain to be taken before a Final Report can be filed and when such steps are expected to be taken; and
   v. The projected date for filing the Final Report.

   b. **Objections to Claims:** The debtor must file objections to claims within sixty (60) days after entry of the order confirming the plan of reorganization, unless a different period is authorized by the plan or by an order extending this deadline upon a timely–filed motion.
   c. **Applications for Final Compensation:** Each party requesting final compensation for services rendered shall file an application for final compensation with the court within sixty (60) days after entry of the order confirming the plan or reorganization.
   d. **Final Report:** The debtor is required to file a final report with the court within fourteen (14) days from the finalization of all matters in the Chapter 11 case, i.e., when the plan has been substantially consummated and after conclusion of the hearings on objections to claims and applications for final fees and approval of any supplemental final fees.

   The Final Report must contain at least the following information:

       i. i. All fees, separately listing fees and expenses for all professionals in the case;

      ii. Total percentage dividend and amount to be paid to unsecured creditors under the plan;

     iii. Total amount of all court costs (adversary proceeding fees, etc.);

     iv. A list of the creditor classes consistent with the confirmed plan, a description of each class, and how it was paid or is being paid; and

      v. Request for entry of final decree.

    e. **Final Decree:** After the Final Report is filed, reviewed, and approved by the court, the court will enter a Final Decree that closes the case.

24. **Small Business Debtors:** If the debtor is a small business debtor as defined in 11 U.S.C. §101(51D), the debtor shall comply with the following provisions:

    a. **Deadline for Filing Plan and Disclosure Statement:** Pursuant to 11 U.S.C. § 1121(e), the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief. However, only the debtor may file a plan of reorganization until after 180 days after the date of the order for relief.

    b. **Extension of Time for Filing Plan/Extension of Exclusivity Period:** The debtor may file a motion to extend the time for filing a plan and disclosure statement and to extend the exclusivity period, the 300–day deadline for the filing of a plan, and the deadline for confirmation of the plan fixed by 11 U.S.C. § 1129(e); however, the court will only extend these time periods if the debtor demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time, and if an order granting the requested extension and imposing a new deadline is entered before the existing deadline has expired.

    c. **Additional Duties of Small Business Debtor:** In addition to the duties set forth in paragraphs 1–25 of this Order, the debtor shall perform the duties set forth in 11 U.S.C. § 1116.

25. **Conversion to Chapter 7/Final Report and Schedule of Post–Petition Debts:** In the event that this Chapter 11 case converts to a Chapter 7 case, the debtor shall file the schedule of unpaid debts incurred after commencement of the case (with each creditor's name, address and amount due) and a final report and account as required by Bankruptcy Rule 1019(5). Failure to comply with this requirement may subject the debtor, its principals, and/or the attorney for the debtor to sanctions.

Failure to comply with this Order may result in the dismissal of this case, its conversion to Chapter 7, or other appropriate action by the court.

      **SO ORDERED,** on the The 4th of April, 2011

Copy to: Debtor
    Debtor's Attorney
    U.S. Bankruptcy Administrator

          Thomas W. Waldrep, Jr.
        United States Bankruptcy Judge