UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE: | |
|---|---|
| CLEAN BURN FUELS, LLC | Case No. 11-80562<br>Chapter 11 |
| Debtor | |

**Motion To Return Goods For Credit And Cash Payment To Secured Lender**

Now comes Clean Burn Fuels, LLC (the "Debtor"), and moves the Court pursuant to §546(h) of the Bankruptcy Code and Rule 9013 of the Federal Rules of Bankruptcy Procedure as follows:

1. On April 3, 2011 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered. The Debtor continues in possession of its assets and operates its business as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. Cape Fear Farm Credit, ACA, for itself and/or as agent/nominee for other lending institutions (collectively, the "Lender") under a certain Credit Agreement, asserts a first priority security interest and lien in or upon substantially all property of the Debtor's estate.

4. Lallemand Ethanol Technology ("LET") supplies liquefied yeast to the Debtor for use in connection with the production of ethanol. On 23 February 2011, LET delivered a total of seven totes of stabilized liquid yeast to the Debtor. LET invoiced the Debtor for a total of $26,578.98. This represents the cost of six totes at $4,080 each (the seventh tote was free) and $2,098.98 for freight. The Debtor had paid for none of the totes.

5. Liquid yeast must be kept refrigerated until used and, further, must be used within three months of its delivery, after which it "goes bad." By the end of March, the Debtor had used two totes. Because of the suspension of production, the Debtor realized it would be unable to use the last five totes. Aware of the short shelf-life of the yeast, the Debtor, in a good faith effort to address the realities of the situation prior to the Petition Date, told LET it could have the five

LET motion 2011.04.12                                                                                                    1

Case 11-80562   Doc 55   Filed 04/12/11   Page 1 of 6

totes back in return for a credit. When LET agrees to return of product in exchange for a credit, it normally charges a "re-stocking fee" equal to 30 percent of the returned product's cost.

6. LET dispatched a truck, operated by a third party trucking firm, to retrieve the yeast. The petition was filed on April 3, 2011, and on April 4, 2011, LET's truck driver was told that when he arrived at Clean Burn on Tuesday morning April 5, he should park the truck and call LET for further instructions before anything was done with the yeast. LET also informed Clean Burn's plant manager of these instructions to the driver. On the morning of April 5, having not heard from the truck driver as expected, LET called him and learned he was already back on the road hauling the yeast to an LET location. LET called its counsel to report this fact, and LET's counsel in turn reported this development to the Debtor's counsel.

7. LET's counsel and the Debtor's counsel agreed that due to the perishable nature of the liquid yeast, the estate would not benefit by a return of the goods and the situation should instead be remedied pursuant to Section 546(h). Taking into account the need for refrigerated storage of the yeast and its short and diminishing shelf life, LET, the Debtor, and the Lender agreed as follows subject to approval by the Court:

    a. The yeast shall be returned to LET pursuant to Section 546(h).

    b. LET will pay the Lender $8,000 in cash for a release of its liens upon the yeast.

    c. The original retail value of the remaining five totes of yeast was $20,400. The Debtor and LET agreed that this "starting" credit amount for the Debtor should be reduced to $12,400 (by subtraction of the $8,000 payment to the Lender). The Debtor and LET further agreed to recognize half of the 30 percent re-stocking fee that LET would normally have assessed, or $3,060, as a set off to the credit. Thus, the final credit to the Debtor would be $9,340, which will serve to reduce LET's general unsecured claim against the Debtor.

Wherefore, the Debtor prays the Court for the following relief:

1. Authorize the return of the liquid yeast to the Debtor, provided that LET pays $8,000 to the Lender and credits $9,340 against LET's unsecured claim against the Debtor.

2. Such other relief as the Court may deem necessary and proper.

RESPECTFULLY submitted on behalf of the Debtor, this the 12th day of April, 2011.

/s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

LET motion 2011.04.12

3

Case 11-80562   Doc 55   Filed 04/12/11   Page 3 of 6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN THE MATTER OF: | CASE NO. 11-80562 |
|---|---|
| CLEAN BURN FUELS, INC. | CHAPTER 11 |
| DEBTORS | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **Motion to Return Goods for Credit and Cash Payment to Secured Lender**

1) was served by automatic electronic service on upon the following:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Gregory B. Crampton<br>Kevin Lamar Sink<br>NICHOLLS & CRAMPTON, PA<br>Obo Perdue BioEnergy, LLC<br>3700 Glenwood Avenue, Suite 500<br>Raleigh, NC 27612 |
| Aaron M. Christensen<br>Smith and Christenson, LLP<br>Obo Lumbee River Electric Membership<br>5970 Fairview Rd, Suite 126<br>Charlotte, NC 28210 | Paul A. Fanning<br>Ward and Smith, PA<br>Obo Capital Bank<br>P O Box 8088<br>Greenville, NC 27835-8088 |
| Benjamin A. Kahn<br>Nexsen Pruet, PLLC<br>Obo Cape Fear Farm Credit<br>P O Box 3463<br>Greensboro, NC 27402 | |

and I have served the same by email or depositing a copy in an envelope bearing sufficient postage in the United States mail at Chapel Hill, North Carolina, addressed to the following parties at the following addresses which is the last address known to me:

| | |
|---|---|
| Aeroglide Corporation<br>Attn: Managing Agent<br>100 Aeroglide Drive<br>Cary, NC 27511 | Alfa Laval<br>Attn: Managing Agent<br>2015 Spring Road<br>Oak Brooks, IL 60523 |
| Anixter, Inc.<br>Attn: Managing Agent<br>250 Horizon Drive | Atlantic Services Group, Inc.<br>Attn: Managing Agent<br>410 South Hill Street |

| | |
|---|---|
| Suite 300<br>Suwanee, GA 30024 | Buford, GA  30518 |
| FCI<br>Attn:  Managing Agent<br> 2274 St. Paul's Road<br>Raeford, NC 28376 | First Insurance Funding Corp<br>Attn:  Managing Agent<br>P O Box 66468<br>Chicago, IL 60666 |
| H.S. Everest Corp.<br>Attn:  Managing Agent<br>3209 Barlow Court<br>Wilmington, NC 28409 | Harris Group Inc.<br>Attn:  Managing Agent<br>300 Elliott Ave W.<br>Seattle, WA 98119 |
| Hertz Equipment Rental Corporation<br>Attn:  Managing Agent<br>608 Middle Road<br>Fayetteville, NC 28312 | Insulating Services, Inc.<br>Attn:  Managing Agent<br>10709-H Granite Street<br>Charlotte, NC 28289 |
| Katzen International, Inc<br>Attn:  Managing Agent<br>2300 Wall Street<br> Cincinnati, OH 45212 | Lallemand Ethanol Technology<br>Attn:  Managing Agent<br>6120 W. Douglas Avenue<br>Milwaukee, WI 53278 |
| Hagemeyer North America, Inc.<br>Attn:  Managing Agent<br>11680 Great Oaks Way<br>Alpharetta, GA  30022 | Novozymes<br>Attn:  Managing Agent<br>77 Perry Chapel Church Road<br>Franklinton, NC 27525 |
| Piedmont Natural Gas<br>Attn:  Managing Agent<br>PO Box 533500<br>Atlanta, GA 30353 | S&ME Geotechnical Inc.<br>Attn:  Managing Agent<br>PO Box 277523<br>Atlanta, GA 30384 |
| Southeastern Electric Contractors, Inc.<br>Attn:  Managing Agent<br>1400 Gerrard Rd.<br>Lavonia, GA 30553 | Tencarva Machinery Company<br>Attn:  Managing Agent<br>1120 W. Butler Road<br>Greenville, SC 29607 |
| Uretek ICR, Mid Atlantic, Inc.<br>Attn:  Managing Agent<br>P O Box 1070<br>Kernersville, NC  27285 | RSC Equipment<br>Attn:  Managing Agent<br>P O Box 36217<br>Charlotte, NC  28326-6217 |
| United Rentals<br>Attn:  Managing Agent<br>432 Rankin Street<br>Fayetteville, NC  28301 | Peter Nils Baylor<br>Nutter McClennen & Fish LLP<br>Seaport West<br>155 Seaport Boulevard, Boston, MA 02210<br>Email:  PBaylor@nutter.com |

This the 12th day of April, 2011.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441