IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| **In re:** <br><br> **CLEAN BURN FUELS, LLC,** <br><br>   Debtor. | Case No.  11-80562 <br> Chapter  11 |

### THIRD INTERIM ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND SCHEDULING A FURTHER HEARING ON THE USE OF CASH COLLATERAL

This matter came before the Court for further hearing on the Motion for Authority to Use Cash Collateral  (the "Motion") filed on April 4, 2011 by Clean Burn Fuels, LLC, as the debtor-in-possession (the "Debtor") in this case. On April 8, 2011, this Court entered an interim Order (docket #46, the "Initial Order") authorizing the use of property constituting "cash collateral" (as defined in section 363(a) of the Bankruptcy Code, "Cash Collateral") on which Cape Fear Farm Credit, ACA, for itself and/or as agent/nominee for other lending institutions (collectively, "Lender") asserts a first priority security interest and lien, subject to provisions stated therein, and scheduling a further hearing on May 3, 2011 on the continued use of Cash Collateral as requested in the Motion. On May 16, 2011, this Court entered an Amended Second Interim Order (docket #98, as amended at #116, the "Second Order" and together with the Initial Order, the "Prior Orders") authorizing the continued use of Cash Collateral as provided therein, and scheduling a further hearing on June 2, 2011.

The Lender filed objection to the Motion (docket #76, the "Lender's Objection"), the official committee of unsecured creditors (the "Committee") filed an objection to the Order authorizing the use of Cash Collateral (docket #137, the "Committee's Objection"), and no other objections were filed by any party in interest. After considering the matters set forth in the

1

Motion, the Lender's Objection, the Committee's Objection, the evidence submitted and the statements of counsel made at the initial and subsequent hearings, and for good and sufficient cause appearing and with the consent of the Debtor, the Lender and the Committee, the Court makes the following findings, conclusions and Orders:

1. <u>Prior Orders</u>: The findings, conclusions and orders set forth in the Prior Orders are hereby ratified, confirmed and incorporated by reference, except to the extent otherwise provided below.

2. <u>Continued Use of Cash Collateral Approved</u>. The Motion is granted as set forth herein, and the continued use of Cash Collateral on an interim basis is authorized, provided that such use shall be (i) limited to the funds in the Deposit Accounts, excluding any post-petition proceeds of inventory or accounts (the "Post-Petition Cash Collateral"), and (ii) subject to the terms and conditions set forth in the Prior Orders as modified by this Order (collectively, the "<u>Interim Orders</u>"), pursuant to which the Debtor may use cash collateral on an interim basis and for the period through and including June 19, 2011, pending further Orders of this Court. Lender shall have, and hereby is granted, a perfected lien in the Post-Petition Cash Collateral to the same extent and priority as Lender's lien in Debtor's pre-petition inventory and accounts. Debtor shall keep and maintain the Post-Petition Cash Collateral, and any subsequently acquired cash from proceeds of inventory or accounts, in a segregated Debtor in Possession account (the "Post-Petition Deposit Account"), and Lender hereby is granted a perfected lien in the Post-Petition Deposit Account to the extent and with the same priority as Lender's pre-petition lien in inventory and accounts. The liens granted herein are deemed perfected without the need for any further action by Debtor or Lender, and shall be effective nunc pro tunc as of the Petition Date.

3. <u>Objections Overruled</u>.  Solely with respect to the interim period of authorization hereunder, all objections to the use of Cash Collateral as granted hereunder to the extent not withdrawn or resolved are hereby overruled pending the Further Hearing. Nothing herein shall be construed to preclude, limit or rule upon such objections with respect to any proposed use of cash collateral after June 19, 2011 or to the extent any use is sought beyond the extent provided in this Order.

4. <u>Revised Budget</u>.  The budget for the two-week period ending June 19, 2011 attached hereto as Exhibit A (together with the previously approved budgets for the period from the Petition Date through June 5, 2011, the "<u>Budget</u>") is approved by the Court and shall remain in effect pending further modification, amendment or update acceptable to and approved by Lender or approved by further Order of the Court after notice and hearing; <u>provided</u> <u>however</u>, that:

(a) With respect to the line items designated as Maintenance & Repair, Waste Disposal and Finish Punch List, Debtor shall not be authorized to expend the cash unless, prior to any expenditure of such amounts, Debtor provides Lender with a detailed, itemized accounting of such amounts proposed to be spent, identifying the specific purpose for such expenditure and the Lender consents to the proposed expense.

(b) With respect to the line item designated as "Professional Fees-Consultants" Lender consents to the use of cash collateral (i) to pay the fees and expenses incurred by Anderson Bauman Tourtellot Vos & Co. ("<u>ABTV</u>") from and after June 6, 2011 through June 19, 2011, up to but not exceeding the amounts shown on the Budget and to the extent subsequently allowed by the Court, and (ii) to pay the fees and expenses of such other

consultants as may be retained by Debtor at the request of Lender subject to the Court's approval of such retention and allowance of such fees and expenses.

5. <u>Challenge Period</u>. The Challenge Period is extended with respect to the Committee and any trustee appointed in the Case for sixty (60) days after the entry of this Order, without prejudice to the right of any party in interest to request a further extension or modification thereof prior to the expiration of the Challenge Period, and without prejudice to Lender's right to object to any such further extension for any reason, including the terms of the previously entered interim cash collateral orders in this case. This extension of the Challenge Period is not to be construed as a denial by this Court of the original Objection by the Unsecured Creditors' Committee to the Order Authorizing Use of Cash Collateral wherein, among other things, a request for an extension of the Challenge Period was contained. The Committee shall have the right to request that the Court further modify the Challenge Period if proper cause for said modification can be shown. To the extent such a motion is filed within the sixty (60) day timeframe set out herein, then the Challenge Period shall be extended to at least the hearing date of said Motion.

6. <u>Further Hearing</u>. A hearing to consider entry of any Further Order and further or final approval of the use of Cash Collateral is scheduled for 10:00 o'clock a.m. on June 14, 2011, in the U.S. Bankruptcy Courtroom, Venable Center, Dibrell Building, Ste 280, 302 East Pettigrew St., Durham, N.C.

7. <u>Effect of this Interim Order</u>. This Interim Order shall constitute for the purpose of this Order, findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon execution thereof. However, subject to the Challenge Period provisions of this Order in Paragraph 5 above,

4

Case 11-80562    Doc 160    Filed 06/13/11    Page 4 of 8

and subject to the provisions of Paragraph 24 of the First Interim Order, which provisions shall remain in full force and effect as it relates to Interim Orders, to the extent that this Court enters future orders concerning Cash Collateral, the findings of fact and conclusions of law as contained herein are not binding on the Court relative to the findings of fact and conclusions of law that would be contained in such future orders.

8. <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

**Clean Burn Fuels, LLC**
**Interim Cash Collateral Budget**

| Week Ended | BUD 6/12 | BUD 6/19 |
|---|---|---|
| **CASH INFLOWS:** | | |
| Collection of AR | - | - |
| Sale of Inventory | - | - |
| Sale of Chemicals / Denaturant | - | 50,000 |
| Other | - | - |
| **TOTAL INFLOWS** | - | 50,000 |
| **CASH OUTFLOWS:** | | |
| Operations: | | |
|    Hourly Payroll - Gross | - | 7,508 |
|    Salary Payroll - Gross | - | 5,519 |
|    Employee Benefits - Health Ins. | - | 2,800 |
|    Employee Benefits - Other | - | - |
|    Supplies Expense | 100 | 100 |
|    Training Expense | - | - |
|    Safety Expense | - | - |
|    Lab Testing | 2,500 | - |
|    Equipment Rental | 320 | - |
|    Natural Gas | - | - |
|    Electricity | - | - |
|    Water | - | - |
|    Communications - Phone / Internet | - | 1,300 |
|    IT Support | 500 | - |
|    Communications - Cellular | 200 | - |
|    *Maintenance & Repair | - | 35,000 |
|    Travel | 300 | - |
|    Postage & Office Supplies | - | - |
|    Professional Fees - Attorneys | - | - |
|    **Professional Fees - Consultants | 8,000 | 8,000 |
|    Interest Expense - Bank | - | - |
|    Interest Expense - Other | - | - |
|    Bank Fees | - | 300 |
|    Risk Insurance | 18,132 | - |
|    Quarterly Fees - Bankruptcy Court | - | - |
|    Taxes - Property | - | - |
|    Taxes - Payroll | - | 1,304 |
|    Permits, Dues & Subscriptions | 200 | - |
|    Janitorial Services | - | - |
|    Grounds Maintenance | 2,500 | - |
|    *Waste Disposal | 110,000 | 110,000 |
|    Total Operations | 142,752 | 171,831 |
| Capital Expenditures: | | |
|    Bin Repair | | - |
|    Concrete Pad for Drop Area | - | - |
|    Roll-up Doors, Cook & Utilities | - | - |
|    Finish Platform Repairs | - | - |
|    Concrete Under Fermentation Alley | - | - |
|    Prep. Ferm. Wash Tank & Repair | - | - |
|    Vents for tanks | - | - |
|    MRTO Automation | - | - |
|    Concrete Around Thin Stillage Tank | - | - |
|    Re-locate Mixer to Centrifuge Area | - | - |
|    Install Oil Extraction Tie-ins | - | - |
|    Repair Dryers | - | - |
|    Cover for Dryers/Dryer Pad | | |

Case 11-80562    Doc 160    Filed 06/13/11    Page 6 of 8
Page 1 of 2

| Clean Burn Fuels, LLC | | |
|---|---|---|
| Interim Cash Collateral Budget | | |
| | BUD | BUD |
| Week Ended | 6/12 | 6/19 |
|    Additional Boiler | - | - |
|    Screen Lifting Header | 1,500 | 8,500 |
|    DCS Updates | - | - |
|    Insulate Lines for Freeze Protection | - | - |
|    *Finish Punch List | 10,000 | 10,000 |
|    Landscaping/Erosion Control | - | - |
|    Other | - | - |
|      Total Capex | 11,500 | 18,500 |
| Start-up: | | |
|    Chemicals | - | - |
|    Labor | - | - |
|    Equipment | - | - |
|    Natural Gas | - | - |
|    Electrical | - | - |
|    Denaturant | - | - |
|    Water Treatment | - | - |
|    Spare Parts | - | - |
|    Other | - | - |
|      Total Start-up | - | - |
| **TOTAL OUTFLOWS** | 154,252 | 190,331 |
| **NET INFLOWS / (OUTFLOWS)** | (154,252) | (140,331) |
| **BEGINNING CASH** | 3,477,999 | 3,323,747 |
| **NET INFLOWS / (OUTFLOWS)** | (154,252) | (140,331) |
| **ENDING CASH** | 3,323,747 | 3,183,416 |

*Requires advance notice and consent by Lender
**Includes ABTV; does not include additional Consultant approved by Lender

Service List:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Aaron M. Christensen<br>Smith and Christenson, LLP<br>Obo Lumbee River Electric Membership<br>5970 Fairview Rd, Suite 126<br>Charlotte, NC 28210 |
| Gregory B. Crampton<br>Kevin Lamar Sink<br>Nicholls & Crampton, PA<br>Obo Perdue BioEnergy, LLC<br>3700 Glenwood Avenue, Suite 500<br>Raleigh, NC 27612 | Paul A. Fanning<br>Ward and Smith, PA<br>Obo Capital Bank<br>P O Box 8088<br>Greenville, NC 27835-8088 |
| Charles M. Ivey<br>Ivey McClellan Gatton<br>Counsel for Creditors Committee<br>100 S. Elm Street, Suite 500<br>Greensboro, NC 27401 | Gerald A. Jeutter, Jr.<br>Obo Buhler Aeroglide<br>P O Box 12585<br>Raleigh, NC 27605 |
| Benjamin A. Kahn<br>Nexsen Pruet, PLLC<br>Obo Cape Fear Farm Credit<br>P O Box 3463<br>Greensboro, NC 27402 | James P. Laurie, III<br>Obo Atlantic Services Group, Inc./<br>8311 Six Forks Road, Suite 111<br>Raleigh, NC 27615 |
| Lee A. Peindl, Esq<br>Mullen Holland & Cooper<br>Obo Anixter, Inc.<br>P O Box 488<br>Gastonia, NC 28053-0488 | David M. Warren<br>Obo Gateway Bank & Trust Company<br>P O Box 1801<br>Raleigh, NC 27602 |
| Margaret R. Westbrook<br>Obo Novozymes North America, Inc.<br>K & L Gates LLP<br>P O Box 17047<br>Raleigh, NC 27609 | Douglas Q. Wickham<br>Obo Waccamaw Transport, Inc.<br>Hatch, Little & Bunn, LLP<br>P O Box 527<br>Raleigh, NC 27602 |
| John A. Northen<br>Northen Blue, LLP<br>P O Box 2208<br>Chapel Hill, NC 27515-2208 | |