UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| CLEAN BURN FUELS, LLC | ) | CASE NO. 11-80562 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## **OBJEC TION TO MOTION FOR RELIEF FROM STAY**

NOW COMES the Official Committee of Unsecured Creditors (hereinafter the "Committee"), by and through counsel, in the above-captioned matter objecting to the Motion for Relief from Stay, and in support thereof shows unto the Court the following:

1. The above-captioned Debtor filed a Voluntary Petition under Title 11 Chapter 11 of the United States Bankruptcy Code on the April 3, 2011. Since the filing of the Petition the Debtor has operated as a Debtor-In-Possession.

2. On the 19th day of April, 2011, this Court entered an Order appointing the General Unsecured Creditors Committee pursuant to 11 U.S.C. § 1102. Said Committee retained the services of Ivey, McClellan, Gatton & Talcott, and said retention was approved by Order of this Court on the 13th day of May, 2011. The unsecured creditors committee has standing to make this request pursuant to said Order.

3. On June 10, 2011 Cape Fear Farm Credit, ACA, for itself and as agent/nominee for other lending institutions (referred to in their Motion as "Lender") filed a Motion for Relief from Stay along with a Motion for Expedited Hearing on the Motion for Relief from Stay. As a result, the Court entered an Order Expediting this matter so that the same could be heard on June 21, 2011.

4. The Committee has initiated an investigation into whether the Lender is properly perfected or if other grounds exists to challenge their claimed security interest. In furtherance of this investigation the Committee has filed a request for production of documents pursuant to Bankruptcy Rule 2004. The information requested is necessary to the Committee's determination as to whether the Lender is properly secured in this case, and/or whether the Lender's claim is otherwise subject to challenge or in bonafide dispute. As requested, the expediting of the Motion places the Committee in a position that cannot adequately represent the interest of unsecured creditors without proper discovery concerning the Motion for Relief from Stay.

5.      Under these circumstances, the Committee is requesting that the Court initially continue the Motion for Relief from Stay to a time after which the Lender will be able to provide the documents requested, while the Committee has sufficient time to review the same.

6.      In furtherance of this Objection, and the need for discovery, the Committee requests that this pleading be treated as a request pursuant to Rule 9014 of the Bankruptcy Rules of Procedure. Rule 9014 allows this Court to set up appropriate discovery schedules in order for the Committee to receive the requested documents and, if necessary, to depose parties associated with the Lender.

7.      Alternatively, as part of the Objection from Relief from Stay, if this Court determines that it is appropriate to modify the automatic stay as requested by the Lender, then the Committee requests that any and all restrictions previously placed on the Committee (pursuant to Interim Orders Authorizing Use of Cash Collateral as it relates to the rights of any party in interest to object to the claim of the Lender) be removed and that the Court find that the lifting of the stay is without prejudice to the Committee and/or any other party in interest to file avoidance actions against the Lender as the same may exists pursuant to 11 U.S.C. § 510 or 11 U.S.C. § 542 through § 553, any cause of action which can be brought by the Debtor pursuant to 11 U.S.C. § 541 or § 506(c) or any other request for relief as would be otherwise available under applicable law.

8.      Furthermore, to the extent the court determines that the Stay should be modified, the Court should not cause any of the cash proceeds currently being held by the Debtor to be released pending the receipt by the Committee of the requested documentation and/or any additional discovery. The same is required to properly evaluate the secured claim of the Lender. The retention of those funds can be maintained in an interest bearing account, which can be adequately protected and not subject to loss of value. These funds would represent certificates of deposits and all bank accounts.

9.      In the Motion for Relief from Stay, the Lender alleges that the Lenders' collateral is continuing to decline in value. All of the actions taken by the Debtor since filing, have been specifically directed towards the protection and preservation of the collateral. Such actions can be characterized as reasonable and necessary costs and expenses of preserving such property for the benefit of the Lender. All such expenditures would therefore be recoverable by the Debtor's estates pursuant to 11 U.S.C. 506(c).

WHEREFORE, the Committee respectfully requests that the Court;

1.  Continue the Motion for Relief from Stay and to set up proper discovery schedules for the Committee as requested herein;

2.  Alternatively, if the Stay is lifted, then the Court should not lift the automatic stay as it relates to all cash proceeds, which include (but are not limited to), the DIP account,

certificates of deposits, or other cash pending the Committee's ability to properly conduct an investigation concerning the validity of the Lenders claim;

3. If the Court lifts the stay, then the Court should likewise remove all earlier restrictions placed in the Interim Orders concerning cash collateral, as it relates to the Committee or any other parties in interests rights to object in any fashion to the claims of the Lender; and

4. For further and such other relief as the Court deems just and proper.

This the 15th day of June, 2011

         */s/ Charles M. Ivey, III*
         Charles M. Ivey, III, Attorney for Unsecured
          Creditors Committee
         NCSB# 8333

OF COUNSEL:
IVEY, McCLELLAN, GATTON & TALCOTT
PO Box 3324
Greensboro, NC 27402
Telephone: 336-274-4658

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that copies of the foregoing were duly served upon the following addressees by depositing the same in postage-paid wrappers, addressed as shown below, in an official depository of the United States Postal Service:

Philip W. Madson
Katzen International, Inc.
2300 Wall Street, Suite K
Cincinnati, OH 45212

Robert E. Eickelberger
Katzen International, Inc.
2300 Wall St., Suite K
Cincinnati, OH 45212

Novozymes, Charles Shapiro
77 Perry Chapel Church Rd.
Franklinton, NC 27525

James P. Laurie, III
8311 Six Forks Rd., Suite 111
Raleigh, NC 27615

FCI
A. K. "Doooie" Leach
2274 St. Paul's Road
Raeford, NC 28376

Michael D. West, Esq.
U.S. Bankruptcy Administrator
PO Box 1828
Greensboro, NC 27402

John A. Northen, Esq.
Vicki L. Parrott, Esq.
Northen Blue, LLP
PO Box 2208
Chapel Hill, NC 27515-2208

Benjamin A. Kahn, Esq.
Nexsen Pruet, PLLC
PO Box 3463
Greensboro, NC 27402

Julio E. Mendoza, Jr., Esq.
Nexsen Pruet, LLC
1230 Main St., Suite 700
Columbia, SC 29201

This the 15th day of June, 2011.

*s/Charles M. Ivey, III*
Charles M. Ivey, III
Attorney for the Unsecured Creditors' Committee
NCSB # 8333

OF COUNSEL:

IVEY, McCLELLAN, GATTON & TALCOTT, L.L.P.
P. O. Box 3324
Greensboro, NC  27402
Telephone: 336-274-4658
Facsimile:  336-274-4540