IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re:<br><br>**CLEAN BURN FUELS, LLC,**<br><br>    Debtor. | Case No. 11-80562<br>Chapter 11 |

**SIXTH INTERIM ORDER REGARDING USE OF CASH COLLATERAL AND SCHEDULING A FURTHER HEARING ON THE USE OF CASH COLLATERAL**

  This matter came before the Court for further hearing on the <u>Motion for Authority to Use Cash Collateral</u> (the "<u>Motion</u>") filed on April 4, 2011 by Clean Burn Fuels, LLC, as the debtor-in-possession (the "<u>Debtor</u>") in this case. On April 8, 2011, this Court entered an interim Order (docket #46, the "<u>Initial Order</u>") authorizing the use of property constituting "cash collateral" (as defined in section 363(a) of the Bankruptcy Code, "<u>Cash Collateral</u>") on which Cape Fear Farm Credit, ACA, for itself and/or as agent/nominee for other lending institutions (collectively, "<u>Lender</u>") asserts a first priority security interest and lien, subject to provisions stated therein, and scheduling a further hearing on May 3, 2011 on the continued use of Cash Collateral as requested in the Motion. On May 16, 2011, this Court entered an Amended Second Interim Order (docket #98, as amended at #116, the "<u>Second Order</u>"), on June 13, 2011 a Third Interim Order (docket #160, the "<u>Third Order</u>"), on June 20, 2011 a Fourth Interim Order (docket #175, the "<u>Fourth Order</u>"), and on June 29, 2011 a Fifth Interim Order (docket #184, the "<u>Fifth Order</u>" and collectively the "<u>Prior Orders</u>") authorizing the continued use of Cash Collateral as provided therein, and scheduling a further hearing on July 12, 2011.

  At the hearing on July 12, 2011, counsel for the Debtor advised the Court that the use of Cash Collateral after July 17, 2011 was not requested at this time, except to the extent already

Cash coll order #6 2011.07.12                                         1

Case 11-80562  Doc 204  Filed 07/15/11  Page 1 of 4

authorized by the Prior Orders for payment of Permitted Trailing Expenses.

After considering the matters set forth in the Motion, the Lender's Objection, the Committee's Objection, the evidence submitted and the statements of counsel made at the initial and subsequent hearings, and for good and sufficient cause appearing the Court makes the following findings, conclusions and Orders:

1. <u>Prior Orders</u>: The findings, conclusions and orders set forth in the Prior Orders are hereby ratified, confirmed and incorporated by reference, except to the extent otherwise provided below.

2. <u>Use of Cash Collateral</u>. The use of Cash Collateral on an interim basis as authorized in the Prior Orders and this Order (collectively, the "<u>Interim Orders</u>"), shall terminate as of July 18, 2011 except to the extent already authorized by the Prior Orders for payment of Permitted Trailing Expenses, pending further Orders of this Court.

3. <u>Further Hearing</u>. A hearing to consider entry of any Further Order and further or final approval of the use of Cash Collateral is scheduled for 10:00 o'clock a.m. on September 6, 2011, in the U.S. Bankruptcy Courtroom, Venable Center, Dibrell Building, Ste 280, 302 East Pettigrew St., Durham, N.C.

4. <u>Effect of this Interim Order</u>. This Interim Order shall constitute for the purpose of this Order, findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon execution thereof. However, subject to the Challenge Period provisions of the Prior Orders, and subject to the provisions of Paragraph 24 of the First Interim Order, which provisions shall remain in full force and effect as it relates to Prior Orders, to the extent that this Court enters future orders concerning Cash Collateral, the findings of fact and conclusions of law as contained herein are

Cash coll order #6 2011.07.12                                                                                                2

Case 11-80562    Doc 204    Filed 07/15/11    Page 2 of 4

not binding on the Court relative to the findings of fact and conclusions of law that would be contained in such future orders.

5. <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

Service List:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Aaron M. Christensen<br>Smith and Christenson, LLP<br>Obo Lumbee River Electric Membership<br>5970 Fairview Rd, Suite 126<br>Charlotte, NC 28210 |
| Gregory B. Crampton<br>Kevin Lamar Sink<br>Nicholls & Crampton, PA<br>Obo Perdue BioEnergy, LLC<br>3700 Glenwood Avenue, Suite 500<br>Raleigh, NC 27612 | Paul A. Fanning<br>Ward and Smith, PA<br>Obo Capital Bank<br>P O Box 8088<br>Greenville, NC 27835-8088 |
| Charles M. Ivey<br>Ivey McClellan Gatton<br>Counsel for Creditors Committee<br>100 S. Elm Street, Suite 500<br>Greensboro, NC 27401 | Gerald A. Jeutter, Jr.<br>Obo Buhler Aeroglide<br>P O Box 12585<br>Raleigh, NC 27605 |
| Benjamin A. Kahn<br>Nexsen Pruet, PLLC<br>Obo Cape Fear Farm Credit<br>P O Box 3463<br>Greensboro, NC 27402 | James P. Laurie, III<br>Obo Atlantic Services Group, Inc./<br>8311 Six Forks Road, Suite 111<br>Raleigh, NC 27615 |
| Lee A. Peindl, Esq<br>Mullen Holland & Cooper<br>Obo Anixter, Inc.<br>P O Box 488<br>Gastonia, NC 28053-0488 | David M. Warren<br>Obo Gateway Bank & Trust Company<br>P O Box 1801<br>Raleigh, NC 27602 |
| Margaret R. Westbrook<br>Obo Novozymes North America, Inc.<br>K & L Gates LLP<br>P O Box 17047<br>Raleigh, NC 27609 | Douglas Q. Wickham<br>Obo Waccamaw Transport, Inc.<br>Hatch, Little & Bunn, LLP<br>P O Box 527<br>Raleigh, NC 27602 |
| John A. Northen<br>Northen Blue, LLP<br>P O Box 2208<br>Chapel Hill, NC 27515-2208 | James A. Beck, II<br>Vann& Sheridan LLP<br>Attys for Tencarva Machinery Co<br>P O Box 2445<br>Raleigh, NC 27602-2445 |