UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE: | |
|---|---|
| CLEAN BURN FUELS, LLC | Case No. 11-80562<br>Chapter 11 |
| Debtor | |

## Motion To Approve Compromise And Settlement

Now comes Clean Burn Fuels, LLC (the "Debtor"), and moves the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure as follows:

1. On April 3, 2011 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered. The Debtor continues in possession of its assets as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. Cape Fear Farm Credit, ACA, for itself and as agent/nominee for other lending institutions (collectively, "Lender") under a certain Credit Agreement with Clean Burn Fuels, LLC, filed a motion (the "Stay Relief Motion") seeking relief from the automatic stay with respect to substantially all of the Debtor's real and personal property, tangible and intangible, including the Debtor's ethanol plant located in Hoke County, North Carolina and all related property, inventory, equipment and fixtures (collectively, the "Plant"), all funds on deposit in accounts the Debtor now or formerly had with Branch Banking & Trust Company, Capital Bank and Gateway Bank (the "Deposit Accounts") and two certificates of deposit at Capital Bank (the "Certificates of Deposit" and, collectively with the Deposit Accounts, the "Cash Collateral").

4. The Debtor, the Lender and the official committee of unsecured creditors (the "Committee") entered into discussions and negotiations, as a result of which the parties presented to the Court a partial resolution of the Stay Relief Motion while further negotiations ensued. On June 28, 2011, the Court entered the Consent Order Granting Motion For Relief From Stay In Part And Continuing Hearing (Docket #183, the "Consent Order"), in which (i) the automatic stay was modified to permit Lender to exercise its rights against the Post-Petition Cash

Collateral and Post-Petition Deposit Account, as those terms are defined in the Court's June 13, 2011 Third Interim Order Authorizing Interim Use of Cash Collateral and Scheduling Further Hearing on the Use of Cash Collateral [Doc # 160] (the "Third Cash Collateral Order"), pursuant to the terms of the loan documents, non-bankruptcy law, and the Third Cash Collateral Order, (ii) the Debtor consented to the appointment of a receiver to take possession of the Plant, (iii) the Debtor was authorized and directed to immediately surrender the Post-Petition Cash Collateral to Lender, and (iv) the hearing on additional relief requested in the Stay Relief Motion was continued to a later date.

5. In the Cash Collateral Orders, the Debtor reserved the right to contest the Lender's interest in the Deposit Accounts and in any recoveries arising from the adversary proceeding against Perdue Bioenergy, LLC ("Purdue"), and the Committee reserved the right to contest any and all aspects of the Lender's claims, liens and interests during the Challenge Period.

6. The Debtor contends that the estate's potential recoveries from Perdue are not subject to the Lender's liens or interests, and that the Lender's interest in the Deposit Accounts may be subject to avoidance. The Committee contends that the Lender's interest in the Certificates of Deposit may be subject to avoidance, and that other potential claims or causes of action require further discovery which is now before the Court. The Lender disputes the claims or challenges which may be asserted by the Debtor and the Committee. All parties recognize that there would be costs in pursuing or defending such litigation and that each party would bear some level of risk as to the eventual outcome which cannot be quantified at this time.

7. The Debtor, the Lender and the Committee have now reached a full and complete compromise and settlement of the Lender's claims and the potential disputes or litigation which may arise in relation to such claims as set forth below, subject to approval by the Court. The essential terms and conditions of the proposed settlement are as follows:

    a. The Lender will release its liens upon or security interest in and consent to the Debtor retaining the sum of $250,000 from the funds on deposit in the debtor-in-possession accounts. The balance of the Deposit Accounts together with the Certificates of Deposit shall be released and disbursed to the Lender to be applied to Debtor's obligations to the Lender in the Lender's sole discretion.

b.  The automatic stay shall be modified with respect to all of the Lender's collateral to the extent not already modified.

c.  Except with respect to the provisions specifically set forth herein, Lender's claims and liens as set forth in the Cash Collateral Orders entered in this case shall be found to be enforceable pursuant to their terms, and the liens shall be found to be valid, first-priority, perfected liens in Lender's collateral as set forth in the Cash Collateral Orders, and such claims and liens shall not be subject to any further Challenge as contemplated by the Cash Collateral Orders.

d.  With respect to the funds retained by the estate, the Debtor and the Committee agree that:

   i.  $200,000 of the $250,000 retained in the debtor-in –possession accounts (the "Earmarked Funds") will be set aside for the payment of the professional fees and expenses incurred by or at the direction or request of the Committee, as may be allowed by the Court, to investigate the financial affairs of the Debtor, to determine whether any causes of action should be pursued by or on behalf of the Debtor, and to investigate potential avoidance actions.

   ii. If this case is converted to a Chapter 7 proceeding, the Earmarked Funds would first be applied to payment of such professional fees and expenses incurred up to the date of the conversion with the remaining funds being turned over to the Chapter 7 trustee.

   iii. The remaining $50,000 of the $250,000 shall be retained by the Debtor and available for payment of costs of administration in the ordinary course or as approved by the Court.

e.  The Lender's deficiency claim shall be allowed as an unsecured claim in the amount of $30,000,000, with payment thereon subordinated to payment of costs of administration and to distributions on all other allowed unsecured claims with a priority equal or higher than that priority set forth in 11 U.S.C. § 726(a)(2).

f.  The Debtor may seek reimbursement from the Lender for fees and expenses incurred by Anderson Bauman Tourtellot & Vos ("ABTV") as reasonable, necessary costs and expenses of preserving, or disposing of, property which

secures the Lender's claim pursuant to 11 U.S.C. § 506(c), subject to the Lender's right to object to the allowance of any such reimbursement request. If any such fees are allowed as an expense pursuant to § 506(c), the Lender shall pay such expenses to ABTV within 30 days of the entry of a "Final Order" allowing such fees and expenses as a § 506(c) expense.[1]

g. The Lender shall waive (i) any superpriority claim for diminution of value pursuant to the previous Cash Collateral Orders, (ii) any claim of lien upon, security interest in, or right to recover prepetition retainers paid to Northen Blue as Debtor's counsel or to ABTV as Debtor's financial consultant and chief restructuring officer.

h. The Lender shall waive any lien upon, security interest in, or right to directly receive any recovery apart from any distribution on its allowed claim pursuant to the priority set forth in subparagraph (e) above arising from (i) the Debtor's adversary proceeding against Perdue, or (ii) any other litigation which may be instituted by or on behalf of the Debtor, all of which shall be unencumbered and available to the estate for payment of costs of administration and distribution in accordance with the priorities as set forth in the Bankruptcy Code or as may otherwise be provided in a confirmed plan of reorganization, taking into consideration the subordination of the Bank Group claim as agreed to herein.

i. The Debtor shall dismiss with prejudice any claims asserted against Lender in the adversary proceeding captioned Clean Burn Fuels, LLC vs. Perdue Bioenergy, LLC and Cape Fear Farm Credit, ACA, AP No. 11-9046 and shall stipulate to Lender being dismissed from the action.

j. The Lender shall retain its lien on any prepetition or post-petition utility deposits and the Debtor shall assign to the Lender the estate's rights to receive the refund of such deposits after payment of post-petition utility charges.

k. The Debtor shall assign to the Lender, free and clear of all interests of the Debtor and its bankruptcy estate, the right to pursue any breach of warranty or contract

---

[1] "Final Order" shall be defined as an order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended, and as to which fourteen (14) days have passed since the entry of such order or judgment. The Debtor stipulates that Lender shall be entitled to a stay pending appeal provided that Lender posts a bond or

CFFC compromise motion 2011.08.09     4

Case 11-80562    Doc 237    Filed 08/11/11    Page 4 of 8

claim against parties who provided goods and services for the purpose of construction of the ethanol plant and facilities, including but not limited to the right to (i) enforce warranty claims, (ii) recover damages to the business caused by defects in such work, and (iii) pursue any other claim not in tort for damages caused to the property of the Debtor, excluding however any such claims which may be asserted against the construction manager, E 85 Transport, LLC (collectively, the "Construction Claims").

l. The Debtor will reserve for itself, the Committee and any trustee hereafter appointed the exclusive right to pursue any other causes of action which are property of the estate, including but not limited to any actions which could be brought under any provision of Chapter 5 of the Bankruptcy Code and claims which may be asserted against the construction manager, E 85 Transport, LLC.

m. With respect to the existing License Agreement with Katzen International, Inc. ("Katzen"), which provides that, under certain circumstances, its license fees may be paid by stock in the Debtor, if and when so requested by the Lender:

   i. The Debtor shall file and pursue a motion to assume the Katzen license and cure the default by issuing to Katzen stock to fully satisfy the license claim (in lieu of any payment by the estate or Lender), and the Lender shall provide evidence to the Court of the Lender's ability to provide adequate assurance of future performance; and

   ii. If the motion is granted by the Court, the Debtor shall assume and assign the license to the Lender.

n. The Debtor and the Committee shall release the Lender from any and all claims and actions which could be brought against the Lender for any purpose under applicable law, including without limitation any provision of Chapter 5 of the Bankruptcy Code.

o. This settlement shall be binding on the Debtor, its estate, the Committee, the Lender, and each of their successors and assigns, including any subsequently appointed Trustee in this case or in any subsequent Chapter 7 case.

---

deposits funds with Debtor's counsel in such amount as shall be required by the Court pending the disposition of the appeal.

CFFC compromise motion 2011.08.09                                                                                                                   5

Case 11-80562   Doc 237   Filed 08/11/11   Page 5 of 8

8.  The foregoing compromise and settlement has been negotiated at arm's length by counsel for the Debtor, the Lender and the Committee, and represents a reasonable compromise of certain disputed claims.

9.  Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In determining whether to approve a settlement proposed by a bankruptcy trustee or debtor in possession, courts should make an informed, independent judgment as to whether a settlement is fair and equitable and in the best interests of the bankruptcy estate. <u>Prot. Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968). Courts need not decide the numerous issues of law and fact raised by a settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" <u>In re Drexel Burnham Lambert Group, Inc.</u>, 134 B.R. 493, 497-98 (Bankr. S.D.N.Y. 1991) (quoting <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2nd Cir. 1983)). For the reasons set forth above, the Debtor believes that the proposed settlement is fair and equitable and in the best interests of the bankruptcy estate.

Wherefore, the Debtor prays the Court for the following relief:

1.  Approve the compromise and settlement as set forth above.
2.  Such other relief as the Court may deem necessary and proper.

RESPECTFULLY submitted on behalf of the Debtor, this the 10th day of August, 2011.

/s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN THE MATTER OF: | CASE NO. 11-80562 |
|---|---|
| CLEAN BURN FUELS, INC. | CHAPTER 11 |
| DEBTOR | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by 1) automatic electronic service upon the following parties:

| | |
|---|---|
| Michael D. West<br>Bankruptcy Administrator<br>PO Box 1828<br>Greensboro, NC 27402 | Aaron M. Christensen<br>Smith and Christenson, LLP<br>Obo Lumbee River Electric Membership<br>5970 Fairview Rd, Suite 126<br>Charlotte, NC 28210 |
| Gregory B. Crampton<br>Kevin Lamar Sink<br>NICHOLLS & CRAMPTON, PA<br>Obo Perdue BioEnergy, LLC<br>3700 Glenwood Avenue, Suite 500<br>Raleigh, NC 27612 | Paul A. Fanning<br>Ward and Smith, PA<br>Obo Capital Bank<br>P O Box 8088<br>Greenville, NC 27835-8088 |
| Charles M. Ivey<br>Ivey McClellan Gatton<br>Counsel for Creditors Committee<br>100 S. Elm Street, Suite 500<br>Greensboro, NC 27401 | Gerald A. Jeutter, Jr.<br>Obo Buhler Aeroglide<br>P O Box 12585<br>Raleigh, NC 27605 |
| Benjamin A. Kahn<br>Nexsen Pruet, PLLC<br>Obo Cape Fear Farm Credit<br>P O Box 3463<br>Greensboro, NC 27402 | James P. Laurie, III<br>Obo Atlantic Services Group, Inc./<br>8311 Six Forks Road, Suite 111<br>Raleigh, NC 27615 |
| Lee A. Peindl, Esq<br>Mullen Holland & Cooper<br>Obo Anixter, Inc.<br>P O Box 488<br>Gastonia, NC 28053-0488 | David M. Warren<br>Obo Gateway Bank & Trust Company<br>P O Box 1801<br>Raleigh, NC 27602 |
| Margaret R. Westbrook<br>Obo Novozymes North America, Inc.<br>K & L Gates LLP<br>P O Box 17047<br>Raleigh, NC 27609 | Douglas Q. Wickham<br>Obo Waccamaw Transport, Inc.<br>Hatch, Little & Bunn, LLP<br>P O Box 527<br>Raleigh, NC 27602 |

| James A. Beck, II |  |
| --- | --- |
| Vann & Sheridan LLP |  |
| Attys for Tencarva Machinery Co |  |
| P O Box 2445 |  |
| Raleigh, NC 27602-2445 |  |

And 2) by regular U.S. Mail to the following party:

| Richard M. Hutson, II |  |
| --- | --- |
| Obo Katzen International, Inc. |  |
| P O Drawer 2252-A |  |
| Durham, NC 27702 |  |

This the 11th day of August, 2011.

/s/ John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441