UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                              )
                                    )
CLEAN BURN FUELS, LLC,              )   Case No. 11-80562
                                    )   Chapter 11
                                    )
            Debtor.                 )
                                    )
_____)

## KATZEN INTERNATIONAL, INC.'S OBJECTION TO MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Creditor, KATZEN International, Inc. ("KATZEN"), by and through its undersigned attorneys, hereby objects to the Motion to Approve Compromise and Settlement ("Motion"), filed on behalf of the Debtor, and states as follows:

1. Debtor and Debtor-in-Possession Clean Burn Fuels, LLC ("Debtor") filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on April 3, 2011.

2. KATZEN is a professional services firm based in Cincinnati, Ohio, that provides consulting services and licenses its technology to parties designing, constructing and operating ethanol plants throughout the world. KATZEN has developed proprietary know-how and inventions relating to the production of Motor Fuel Grade Ethanol.

3. KATZEN entered into a License Agreement with the Debtor, effective November 7, 2006, relating to the construction of the Debtor's ethanol plant ("License Agreement").

4. As set forth in paragraph 7(m) of the Motion, the proposed Settlement Agreement provides that "If and when so requested by the Lender," the Debtor "shall file and pursue a motion to assume the KATZEN license."

5. Without addressing the merits of the proposed assumption, this provision of the Settlement Agreement inappropriately vests discretion in CFFC as the Lender to force the Debtor to take action without regard as to whether the assumption is in the best interests of the Debtor and a benefit to the bankruptcy estate.

6. Section 365(a) of the Bankruptcy Code gives the Debtor the right to assume or reject executory contracts. This right is to be exercised by the Debtor in its fiduciary capacity according to the Business Judgment Rule. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986).

7. The Debtor cannot delegate to CFFC the right to force assumption of the License Agreement, regardless of the potential impact on the bankruptcy estate and in derogation of the Debtor's exercise of its discretion as a fiduciary for the bankruptcy estate and the creditors.

8. The Motion also describes the assignment of any breach of warranty or contract claim to CFFC. KATZEN reserves all rights to challenge the validity of such assignment and raise defenses to any claim asserted against KATZEN.

WHEREFORE, KATZEN respectfully requests that the Court enter its Order denying the Motion, and for such other and further relief as is appropriate.

Dated: September 1, 2011

*/s/ Richard M. Hutson II*
Richard M. Hutson II
HUTSON LAW OFFICE, P.A.
302 East Pettigrew Street, Suite B-260
P.O. Drawer 2252-A
Durham, NC 27702
Telephone: 919.683.1561
Facsimile: 919.281-5270
E-mail: hutson@hhplaw.com

Brent R. Cohen, Colo. Reg. No. 11298
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855
Telephone: 303.623.9000
Facsimile: 303.623.9222
E-mail: bcohen@rothgerber.com
ccaby@rothgerber.com

*Counsel for KATZEN International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Objection to Motion to Approve Compromise and Settlement upon each of the parties either by electronic noticing or first class mail, postage prepaid addressed as follows:

| | |
|---|---|
| Michael D. West, Esq. | bancm_ecf@ncmba.uscourts.gov |
| John A. Northen, Esq. | jan@nbfirm.com |
| Benjamin A. Kahn, Esq. | bkahn@nexsenpruet.com |
| Charles M. Ivey, III, Esq. | jlh@imgt-law.com |

This the 1st day of September, 2011.

s/ Richard M. Hutson II
Richard M. Hutson II